**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re:                                                   :   Chapter 11
                                                         :
SUNTECH AMERICA, INC., et al.,                           :   Case No. 15-10054 (CSS)
                                                         :
            Debtors.¹                                    :   Jointly Administered
                                                         :
                                                         :   Hearing Date: February 9, 2015 at 2:00 p.m. (ET)
-------------------------------------------------------- x   Objection Deadline: February 2, 2015 at 4:00 p.m. (ET)
```

**MOTION OF DEBTORS FOR AN ORDER AUTHORIZING
SUNTECH ARIZONA, INC. TO SELL CERTAIN ASSETS
<u>FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES</u>**

Suntech America, Inc. ("**<u>Suntech America</u>**") and Suntech Arizona, Inc. ("**<u>Suntech Arizona</u>**"), the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**<u>Debtors</u>**"), hereby move (the "**<u>Motion</u>**"), pursuant to Section 363 of Title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**<u>Bankruptcy Rules</u>**") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**<u>Local Rules</u>**"), for entry of an order (the "**<u>Sale Order</u>**") substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) authorizing Suntech Arizona to sell the Assets (as defined and described in paragraph 6 *infra*) pursuant to that certain Asset Purchase Agreement, dated December 23, 2014 (the "**<u>APA</u>**"),[2] between Suntech Arizona and Vasari Energy North America, Inc. (the "**<u>Purchaser</u>**"), free and clear of all liens, claims, encumbrances and other interests to the Purchaser, or to such other party, if any, that submits a higher and otherwise better offer for

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are Suntech America, Inc. (9235) and Suntech Arizona, Inc. (0353).  The Debtors' mailing address is 501 Second Street, Suite 575, San Francisco, CA 94107.

[2]    A true and correct copy of the APA is attached to the Sale Order as **<u>Exhibit 1</u>** thereto.

the Assets (an "**Alternate Purchaser**" pursuant to an "**Alternate Transaction**"), and (ii) granting certain related relief.   In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of these proceedings and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

## BACKGROUND

### A.      General Background

3.      On January 12, 2015, the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Robert Moon in Support of Chapter 11 Petitions and First Day Motions* [D.I. 8] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

4.      The Debtors continue to manage and operate their business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

### B.      Specific Background

5.      As is set forth in greater detail in the First Day Declaration, prior to ceasing production in April 2013, Suntech Arizona manufactured photovoltaic ("**PV**") modules

2

at a facility leased by Suntech Arizona and located in Goodyear, Arizona (the "**Goodyear Facility**"). While Suntech Arizona no longer manufactures PV modules at the Goodyear Facility, Suntech Arizona owns the Assets, which are located at such facility, and remains a party to (and thus obligated under) the lease relating to such Facility. Because Suntech Arizona has no use for the Assets, it has been seeking a purchaser for such assets since March 2014.

6.      As a result of those efforts, on December 23, 2014, Suntech Arizona and the Purchaser entered into the APA, whereby Suntech Arizona will sell (the "**Sale**") the PV module manufacturing equipment and office furnishings located at the Goodyear Facility (together, and as more fully defined and described in the APA, the "**Assets**") to the Purchaser for $900,000 (the "**Purchase Price**").

### THE SALE

7.      The Debtors believe that the Sale is in the best interests of their estates and stakeholders. Having ceased manufacturing operations at the Goodyear Facility nearly two (2) years ago, Suntech Arizona has no use for the Assets. Thus, the Sale will allow Suntech Arizona to monetize the Assets for the benefit of its estate and stakeholders. Additionally, Suntech Arizona continues to pay rent pursuant to the lease for the Goodyear Facility in order to continue to store the Assets. Once the Sale is consummated, Suntech Arizona can eliminate its administrative lease obligations which will also inure to the benefit of the Debtors and their stakeholders.

8.      Moreover, the Debtors also believe that the Purchase Price is fair and reasonable and represents the highest or otherwise best offer for the Assets as a result of their efforts to sell the Assets. As such, the Debtors do not believe that holding an auction process for the Sale of the Assets will result in a higher and otherwise better offer. Nonetheless, the Debtors

RLF1 11375093v.4

will provide notice of this Motion, including the APA, to all known parties that expressed an

interest in acquiring the Assets.  In the event that the Debtors receive a Competing Offer (as

defined in the APA) from an Alternate Purchaser and the Purchaser does not submit an Overbid

(as defined in the APA) and consummate the Sale in accordance with the terms of the APA, the

Debtors are also seeking the authority, by this Motion, to consummate an Alternate Transaction

with an Alternate Purchaser.

### REQUIRED DISCLOSURES PURSUANT TO LOCAL RULE 6004-1[3]

9.      In accordance with Local Rule 6004-1, certain terms of the APA are

described below:

    a.    **Assets**.  The Assets include all of the manufacturing equipment and office furnishings located at the Goodyear Facility and used in, held for use in, or relating to the Business, including, but not limited to, the assets set forth on Exhibit A attached to the APA.  The Assets do not comprise any other assets, including, but not limited to, any of Suntech Arizona's causes of action, cash or accounts receivable.  The Assets also do not include books and records that Suntech Arizona needs in order to administer its Chapter 11 case. **[APA § 1]**

    b.    **Private Sale**.  As set forth herein, the Debtors submit that the terms memorialized in the APA constitute the highest or otherwise best offer for the Assets.  The Debtors do not believe that conducting an auction with respect to the Assets would procure a higher and otherwise better offer.  Accordingly, Suntech Arizona intends to sell the Assets without conducting an auction process.

    c.    **Competing Offers.** While Suntech Arizona is not conducting an auction for the Assets, Suntech Arizona has the right pursuant to the APA to sell the Assets (or some subset thereof) to an Alternate Buyer pursuant to an Alternate Transaction so long as the Debtors (i) receive a Competing Offer, (ii) notify the Purchaser of the Competing Offer in writing and (iii) the Purchaser, within five (5) business days of receipt of such notice, does not (a) increase the Purchase Price so that it is equal to the Competing Offer plus $10,000 (*i.e.*, the Overbid) and (b) acquire the Assets by paying the Competing Offer plus the Overbid to Suntech

---

[3]      Capitalized terms used but not otherwise defined in this section shall have the meanings ascribed to such terms in the APA.

Arizona. If the Purchaser opts not to pay such amount to Suntech Arizona or otherwise fails to respond to such notice within five (5) business days, the APA shall terminate. [**APA § 8**]

d.     **Closing Deadline**. Closing will occur on the earlier of (i) February 17, 2015 at 10:00 a.m. (local time) or (ii) in the event that the Debtors receive a Competing Offer, the date that the Purchaser pays the amount of the Competing Offer plus the Overbid to Suntech Arizona. [**APA § 9**]

e.     **Good Faith Deposit**. On or before February 13, 2015 (unless the APA is terminated prior to such date), the Purchaser shall deposit $195,491 (the "**Deposit**") with Suntech Arizona.

If the Purchaser acquires the Assets pursuant to the APA, the Purchaser shall either (i) enter into a lease for the Goodyear Facility prior to Closing or (ii) remove, at its own expense, the Assets from the Goodyear Facility at Closing and Suntech Arizona will credit the Deposit against the Purchase Price.

If the Purchaser has not entered into a lease for the Goodyear Facility prior to Closing or does not remove the assets from the Goodyear Facility at Closing, Suntech Arizona will not credit the Deposit against the Purchase Price. Instead, until the Purchaser enters into a lease for the Goodyear Facility or removes the Assets from the Goodyear Facility, Suntech Arizona shall be permitted on the 1st day of each calendar month, commencing March 1, 2015, to reduce the Deposit to cover all monetary obligations under the existing lease for the Goodyear Facility. If any portion of the Deposit remains unapplied on the date the Purchaser enters into a lease or removes the Assets from the Goodyear Facility, Suntech Arizona shall return the unused portion of the Deposit to Purchaser within three (3) business days thereafter. In the event that the Deposit is exhausted, the Purchaser shall wire transfer $65,164 (which amount represents the monthly lease obligations relating to the Goodyear Facility) in immediately available funds to Suntech Arizona on the first of every month until the Purchaser enters into a lease for the Goodyear Facility or removes the Assets from the Goodyear Facility. In the event that the Purchaser enters into a lease for the Goodyear Facility or removes the Assets from the Goodyear Facility prior to the end of any calendar month for which such payment was made, the Purchaser shall have no right of reimbursement for any payment made for such month. [**APA §§ 7, 9**]

f.     **Relief from Bankruptcy Rule 6004(h)**. Pursuant to paragraph 9 of the Sale Order, the Debtors seek a waiver of the fourteen-day (14) stay imposed by Bankruptcy Rule 6004(h).

5

**RELIEF REQUESTED**

10.     By this Motion, the Debtors seek entry of the Sale Order, effective immediately upon entry, authorizing the Sale of the Assets to (i) the Purchaser pursuant to the APA or (ii) an Alternate Purchaser pursuant to an Alternate Transaction, in each case, free and clear of all liens, claims, encumbrances, and other interests.

**BASIS FOR RELIEF**

**I.      The Sale of the Assets is a Sound Exercise of Suntech Arizona's Business Judgment**

11.     Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code, which confers broad powers on bankruptcy courts, provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12.     The decision to sell property of the estate outside the ordinary course of business is entrusted to the sound business judgment of the debtor. See, e.g., Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (holding that to obtain court approval to sell property under Section 363(b), a debtor must show a "sound business reason" for the proposed action); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999) (affirming decision permitting debtor to sell assets where sound business reasons supported the sale); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991) (same).

13.     Where the "debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain

6

objections to the debtor's conduct." In re Johns-Manville Corp., 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification exists, there is a strong presumption that a debtor acted "in good faith and in the honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. Id. (citing Aronson v. Lewis, 473 A.2d 805, 812 (Del. 1984)). A section 363 sale should be approved if the Court is satisfied that (i) the debtor has exercised its sound business judgment; (ii) the debtor has provided adequate notice; (iii) the purchaser has proceeded in good faith; and (iv) the purchase price is fair. See In re Del. & Hudson Ry. Co., 124 B.R. at 176. The Sale proposed herein satisfies each condition.

14.    Suntech Arizona's decision to sell the Assets is based upon an exercise of its sound business judgment. Suntech Arizona believes that the Sale to the Purchaser for $900,000 (or to an Alternate Purchaser pursuant to an Alternate Transaction for higher or otherwise better consideration) represents the highest or otherwise best offer for the Assets. Further, the Sale is in the best interests of Suntech Arizona's estate and stakeholders because, among other things, it (i) assists the Debtors in monetizing assets that the Debtors are not using, and (ii) will allow Suntech Arizona to exit the Goodyear Facility and thus eliminate the administrative lease obligations associated with maintaining the lease at such facility.

15.    Additionally, all creditors and parties-in-interest will receive adequate notice of the hearing to consider this Motion. Such notice is reasonably calculated to provide timely and adequate notice to the Debtors' major creditor constituencies, those parties interested

7

in these Chapter 11 Cases, those parties potentially interested in bidding on the Assets and others whose interests are potentially implicated by the proposed Sale.

16.     The Sale to the Purchaser (or to an Alternate Purchaser pursuant to an Alternate Transaction) will facilitate a quick and efficient disposition of the Assets. Suntech Arizona is no longer operating and therefore has no further use for the Assets. Accordingly, the Debtors submit that the Assets should be sold as soon as possible to maximize their value and eliminate depletion of estate funds necessary to maintain the Assets.

**II.     A Sale Free and Clear of Liens, Claims and Encumbrances is Appropriate**

17.     The Debtors further submit that it is appropriate for the Assets to be sold free and clear of all liens, claims, encumbrances and other interests pursuant to Section 363(f) of the Bankruptcy Code. Pursuant to Section 363(f) of the Bankruptcy Code, a debtor may sell property under Bankruptcy Code section 363(b) free and clear of any liens, claims, encumbrances, and other interests of an entity other than the estate if one of the following conditions is satisfied:

(1)     applicable nonbankruptcy law permits the sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Because Section 363(f) is stated in the disjunctive, when selling property of the estate, it is only necessary to meet one of the five conditions listed in that section. See Folger

Adam Sec. Inc. v. De Matteis/MacGregor, JV, 209 F.3d 252, 257 (3d Cir. 2000) (noting that a debtor is authorized to sell property free and clear of "any interest" if any one of the five prescribed conditions under section 363(f) is met; In re Kellstrom Indus., Inc., 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.") (citing Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (E.D. Pa. 1988).

18.     The Debtors do not believe that any liens, claims or other encumbrances exist on the Assets.  Nonetheless, with respect to any party asserting a lien, claim, encumbrance, or other interest against the Assets, the Debtors anticipate that they will be able to satisfy one or more of the conditions set forth in Section 363(f).  Thus, the Sale of the Assets free and clear of liens, claims, and encumbrances will satisfy the statutory prerequisites of Section 363(f) of the Bankruptcy Code.

## III.     The Purchaser Should be Entitled to the Protections of Section 363(m)

19.     Pursuant to Section 363(m) of the Bankruptcy Code, a good faith purchaser is one who purchases assets for value, in good faith, and without notice of adverse claims.  See In re Abbotts Dairies, 788 F.2d at 147; In re Mark Bell Furniture Warehouse, Inc., 992 F.2d 7, 9 (1st Cir. 1993); In re Willemain V. Kivitz, 764 F.2d 1019, 1023 (4th Cir. 1985).

20.     The Debtors request a finding that the Purchaser is a good faith purchaser entitled to the protections of Section 363(m).  The terms and conditions of the APA were negotiated by Suntech Arizona and the Purchaser at arm's length and in good faith.  Upon information and belief, the Purchaser was represented by counsel and the Debtors do not believe that the Purchaser engaged in any conduct that would indicate or constitute a lack of good faith. See In re Gucci, 126 F.3d 380, 392 (2d Cir. 1997) ("Good faith of a purchaser is shown by the

integrity of his conduct during the course of sale proceedings . . . ."); In re Tempo Tech. Corp.,

202 B.R. 363, 367 (D. Del. 1996) (stating that a purchaser's good faith status would be destroyed

only by conduct involving "'fraud, collusion between the purchaser and other bidders or the

trustee, or an attempt to take grossly unfair advantage of other bidders.'") (quoting In re Rock

Indus. Mach. Corp., 572 F.2d 1195, 1198 (7th Cir. 1978)).  Accordingly, the Debtors believe that

the Purchaser is entitled to the protections that Section 363(m) of the Bankruptcy Code provides

to good faith purchasers.

IV.    **No Auction of the Assets is Required**

21.    Bankruptcy Rule 6004(f)(1) permits private sales or sales conducted

without an auction.  Fed. R. Bankr. P. 6004(f)(1) ("All sales not in the ordinary course of

business may be by private sale or by public auction.").  Further, courts have generally held that

a debtor has broad discretion in determining the manner in which assets are sold.  Berg v.

Scanlon (In re Alisa P'ship), 15 B.R. 802, 802 (Bankr. D. Del. 1981) ("[T]he manner of sale is

within the discretion of the trustee . . . ."); In re Bakalis, 220 B.R. 525, 531 (Bankr. E.D.N.Y.

1998) (noting that a trustee has "'ample discretion to administer the estate, including authority to

conduct public or private sales of estate property.'") (citing In re WPRV-TV, Inc., 143 B.R. 315,

319 (D.P.R. 1991)).  As long as a debtor maximizes the return to its estate, a court should defer

to a debtor's business judgment regarding how to structure an asset sale.  Bakalis, 220 B.R. at

532 (recognizing that although a trustee's business judgment enjoys great judicial deference, a

duty is imposed on the trustee to maximize the value obtained from a sale); In re NEPSCO, Inc.,

36 B.R. 25, 26 (Bankr. D. Me. 1983) ("Clearly, the thrust of th[e] statutory scheme [governing

363 sales] is to provide maximum flexibility to the trustee, subject to the oversight of those for

whose benefit he acts, *i.e.*, the creditors of the estate.").  Accordingly, if Suntech Arizona

concludes that conducting a private sale, as opposed to a public auction, is in the best interests of

its estate, Suntech Arizona should be permitted to do so.  See Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship (In re Woodscape Ltd. P'ship), 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that, with respect to sales of estate property, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction.").

22.    Suntech Arizona's decision to pursue the Sale without an auction is supported by the fact that the Debtors have fully explored potential sales of the Assets with a variety of interested parties.  The time, effort and expense associated with marketing the Assets for sale at a public auction is unlikely to produce additional bids and would needlessly duplicate the previous efforts expended by the Debtors.

23.    Additionally, the Debtors do not believe they would be able to hold a public auction while also complying with the terms of the APA to close the Sale by no later than February 17, 2015.  The Debtors and their professionals have used their best efforts to negotiate and finalize the APA and Suntech Arizona, in the sound exercise of its business judgment, firmly believes that it has identified the highest or otherwise best bid for the Assets.

24.    Nonetheless, consistent with the Debtors' fiduciary duties to ensure the greatest return to stakeholders and the estate, the Sale remains subject to higher and better offers. Any parties interested in acquiring the Assets should contact: (i) the Debtors, 501 Second Street, Suite 575, San Francisco, CA 94107, Attn: Robert Moon, Barbara McClung and P. Toan (E-mail:        rmoon@qbpartners.net;        barbara.mcclung@suntechamerica.com;        and paul.toan@suntechamerica .com); and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Paul N. Heath and Zachary I. Shapiro (Email: collins@rlf.com; heath@rlf.com; shapiro@rlf.com).  The Debtors retain the right to determine, in their sole discretion, the highest or otherwise best offer.

RLF1 11375093v.4

## WAIVER OF BANKRUPTCY RULE 6004

25.     Suntech Arizona seeks to close the Sale (or an Alternate Transaction with an Alternate Purchaser) as promptly as possible in order to preserve and maximize its recovery thereunder.  Accordingly, Suntech Arizona requests that any order approving the Sale (or an Alternate Transaction with an Alternate Purchaser) be effective immediately by waiving any stay pursuant to Bankruptcy Rule 6004.

## NOTICE

26.     Notice of this Motion shall be provided to (collectively, the "**Notice Parties**"): (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, as filed with the Debtors' Chapter 11 petitions; (c) the local office for the Internal Revenue Service; (d) all entities known to have expressed an interest in a transaction with respect to the Assets; (e) all parties asserting a security interest in the Assets; (f) the Federal Trade Commission; (g) the United States Attorney General/Antitrust Division of the Department of Justice; (h) the Purchaser; (i) local and state environmental and taxing authorities and the Environmental Protection Agency; (j) the United States Department of Commerce; and (k) those parties who have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no other or further notice is necessary.

## NO PRIOR REQUEST

27.     No previous request for the relief sought herein has been made to this or any other Court.

*[Signature page follows.]*

**WHEREFORE,** the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: January 19, 2015                RICHARDS, LAYTON & FINGER, P.A.
      Wilmington, Delaware

<u>/s/ *Zachary I. Shapiro*</u>
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
William A. Romanowicz (No. 5794)
920 N. King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Facsimile: 302-651-7701
Email: collins@rlf.com
        heath@rlf.com
        shapiro@rlf.com
        romanowicz@rlf.com

*Proposed Counsel for Debtors and Debtors in Possession*

RLF1 11375093v.4