IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
SUNTECH AMERICA, INC., et al.,                               :   Case No. 15-10054 (CSS)
                                                             :
         Debtors.[1]                                         :   Jointly Administered
                                                             :
                                                             :   **Re: Docket No. 5**
------------------------------------------------------------ x

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING
CASH MANAGEMENT SYSTEM AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an order, pursuant to Sections 105(a), 345, and 363 of the Bankruptcy Code, Bankruptcy Rule 6003 and Local Rule 2015-2, (i) authorizing, but not directing, the Debtors to continue to maintain and use their existing cash management system, including maintenance of the Debtors' existing bank accounts, checks and business forms; (ii) granting the Debtors a waiver of certain bank account and related requirements of the United States Trustee to the extent that such requirements are inconsistent with (a) the Debtors' existing practices under the cash management system or (b) any action taken by the Debtors in accordance with any order granting this Motion or any other order entered in the Debtors' Chapter 11 cases; and (iii) granting the Debtors additional time to comply with Section 345 of the Bankruptcy Code including the related requirements of the United States Trustee; and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are Suntech America, Inc. (9235) and Suntech Arizona, Inc. (0353). The above-captioned Debtors' mailing address is 501 Second Street, Suite 575, San Francisco, California 94107.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to continue to use their existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Order. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

3. All transfers of cash or other property between the Debtors in these cases shall give rise to an allowed administrative claim for the benefit of the transferor-Debtor in the chapter 11 case of the transferee-Debtor.

4. Neither of the Debtors shall transfer any cash or other property to or for the benefit of any non-Debtor affiliates (as defined in section 101 of the Bankruptcy Code) without first obtaining an order of this Court authorizing such transfer.

5. The Debtors are authorized to (a) designate, maintain and continue to use any and all Bank Accounts in existence as of the Petition Date, with the same account numbers, styles, and document forms as are currently employed, including but not limited to the accounts identified in the exhibits to the Motion, (b) subject to the terms of this Order, deposit funds in, and withdraw funds from, the Bank Accounts in the usual and ordinary course, including checks,

wire transfers, ACH transfers, drafts or other items presented, issued, or drawn on the Bank Accounts, (c) pay ordinary course bank fees in connection with the Bank Accounts, including any fees arising prior to the Petition Date, (d) perform their obligations under the documents and agreements governing the Bank Accounts, and (e) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacities as debtors-in-possession.

6. Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their existing checks and business forms without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them; provided however, any new check stock ordered by the Debtors shall contain the designation "Debtor in Possession."

7. The Debtors shall maintain accurate and detailed records of all transfers, including intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

8. *Nunc pro tunc* to the Petition Date, and subject to the terms of this Order, the Banks are authorized, to the extent of available funds, to continue to administer, service and maintain the Bank Accounts as such accounts were administered, serviced and maintained prepetition, without interruption and in the ordinary course (including making deductions for bank fees), and to honor, and debit from Debtors' accounts in the ordinary course of business and without further Order of this Court, any and all checks, wire transfers, ACH transfers, electronic funds transfers or other items presented, issued or drawn on the Bank Accounts, in respect of any amounts owing other than with respect to chargebacks on account of Returned Items (defined below) related to such Bank Accounts; provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that

any Bank is obligated to settle) or other items presented, issued or drawn on the Bank Accounts prior to the Petition Date shall be honored.

9. Each Bank that maintains a disbursement account shall implement reasonable handling procedures designed to effectuate the terms of this Order. No Bank that implements such handling procedures and then honors a prepetition check, wire transfer, ACH transfer or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in the good-faith belief that the Court has authorized such prepetition check, wire transfer, ACH transfer, electronic funds transfer, or other item to be honored, or (c) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

10. Subject to the provisions of this Order, the Banks are authorized to honor all representations from the Debtors as to which checks, wire transfers, ACH transfers or other items should be honored or dishonored; provided, however, in the course of providing cash management services to the Debtors, the Banks are authorized, without further Order of this Court, to deduct from the appropriate Bank Accounts of the Debtors its bank fees, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including without limitation, returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind (collectively, "**Returned Items**"), regardless of whether such items were deposited or transferred pre-prepetition or post-petition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

11. For Banks at which the Debtors hold accounts that are party to a Uniform Depository agreement with the United States Trustee, within fifteen (15) days of the date of entry

of this Order, the Debtors shall (a) contact each bank, (b) provide each of the Debtors' employer identification numbers and (c) identify each of their accounts held at such banks as being held by a debtor in possession in a bankruptcy case.

12. For Banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

13. The Debtors are authorized to implement such reasonable changes to the Cash Management System as the Debtors may deem necessary or appropriate, including, without limitation, closing any of the Bank Accounts or opening any additional Bank Accounts following the Petition Date (the "**New Accounts**"), subject to the terms hereof.  To the extent the Debtors close Bank Accounts, the Debtors shall provide prompt notice to the United States Trustee and counsel to any statutory committees appointed in these chapter 11 cases, including the official committee of unsecured creditors appointed by the United States Trustee in these cases on January 22, 2015 (the "**Committee**").  To the extent the Debtors intend to open any new Bank Accounts, the Debtors shall provide fifteen (15) days advance written notice to the United States Trustee and counsel to any statutory committees appointed in these chapter 11 cases, including without limitation, counsel to the Committee of such intention to do so, which notice shall include (i) a description of the proposed New Account, (ii) the purpose of the proposed New Account and (iii) the name and location of the bank at which such proposed New Account shall

be held. Moreover, any New Account that the Debtors open will be: (a) with a bank that agree to be bound by the terms of this Order and, in particular, the Cash Management System; (b) with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the FDIC or the Federal Savings and Loan Insurance Corporation; (c) with a bank that is a party to the Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware or is willing to execute such an agreement; and (d) designated a "Debtor in Possession" account by the relevant bank. Once the New Account has been opened, the Debtors shall provide prompt and confirming notice of the New Account and its account number to the United States Trustee and counsel to any statutory committees appointed in these chapter 11 cases, including without limitation, counsel to the Committee. Any New Accounts shall be deemed to be Bank Accounts and are subject to the rights, obligations, limitations and other relief granted in this Order. The Banks are authorized to honor the Debtors' requests to open or close (as the case may be) any Bank Account(s).

14. The Debtors shall have 30 days (or such additional time as the United States Trustee may agree to) from the Petition Date (the "**Extension Period**") within which to either come into compliance with Section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the United States Trustee. Such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or a final waiver of the requirements of Section 345(b) of the Bankruptcy Code.

15. Notwithstanding anything herein to the contrary, those certain existing deposit agreements between Debtors and the Banks shall continue to govern the postpetition Cash Management System between the Debtors and the Banks, and all of the provisions of such

agreements, including without limitation, the termination and fee provisions, shall remain in full force and effect.

16. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

17. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February 5, 2015
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE