IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

# ORIGINAL

```
----------------------------------------------------- x
In re:                                                 :    Chapter 11
                                                       :
SUNTECH AMERICA, INC., et al.,                         :    Case No. 15-10054 (CSS)
                                                       :
        Debtors.[1]                                    :    Jointly Administered
                                                       :
----------------------------------------------------- x    Re: Docket Nos. 415, 476, 479, & 572
```

## ORDER CONFIRMING DEBTORS' COMBINED
## DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION

WHEREAS, Suntech America, Inc. and Suntech Arizona, Inc., the debtors and

debtors in possession in the above-captioned cases (together, the "**Debtors**") have filed with the

United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"): (i) the

*Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "**Combined**

**Plan and Disclosure Statement**"), a final version of which is attached hereto as **Exhibit A**,[2] and

(ii) the *Debtors' Motion for an Order (I) Approving Adequacy of Disclosures in the Combined*

*Disclosure Statement and Chapter 11 Plan of Liquidation, (II) Approving Solicitation*

*Procedures, (III) Setting Confirmation Hearing Date and Related Deadlines, and (IV) Granting*

*Related Relief* [Docket No. 415] (the "**Motion**");

WHEREAS, on January 14, 2016, the Bankruptcy Court, after holding a hearing

on January 13, 2016, entered the *Order (I) Approving Adequacy of Disclosures in the Combined*

*Disclosure Statement and Chapter 11 Plan of Liquidation, (II) Approving Solicitation*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax
identification numbers, are Suntech America, Inc. (9235) and Suntech Arizona, Inc. (0353).  The Debtors' mailing
address is 2721 Shattuck Avenue, #304, Berkeley, CA 94705.

[2]    All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Combined Plan and Disclosure Statement.

*Procedures, (III) Setting Confirmation Hearing Date and Related Deadlines, and (IV) Granting Related Relief* [Docket No. 476] (the "**Disclosure Statement Order**") approving the adequacy of the disclosures in the Combined Plan and Disclosure Statement and granting the related relief requested by the Motion;

WHEREAS, due notice of the Confirmation Hearing has been given to Holders of Claims, Holders of Equity Interests, and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, as set forth in the related *Affidavits of Service* [respectively, Docket Nos. 492, 507, & 553] (collectively, the "**Confirmation Notice Affidavit**");

WHEREAS, in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, solicitation packages containing (i) a disk with the Combined Plan and Disclosure Statement and the Disclosure Statement Order, each in PDF format, (ii) the Confirmation Notice, (iii) an appropriate form of Ballot, and (iv) the Committee Support Letter (collectively, the "**Solicitation Packages**") were transmitted to the Holders of Impaired Claims and/or Equity Interests in Classes 3, 4, 5, 6, and 8 (the "**Voting Classes**");

WHEREAS, on April 25, 2016, UpShot filed the *Certification of UpShot Services LLC Regarding Tabulation of Votes in Connection with the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 570] (the "**Voting Certification**") containing a tabulation of all valid Ballots received and demonstrating acceptance of the Combined Plan and Disclosure Statement by the Voting Classes;

WHEREAS, on April 27, 2016, the Bankruptcy Court conducted a hearing to consider confirmation of the Combined Plan and Disclosure Statement (the "**Confirmation Hearing**");

NOW, **THEREFORE**, based upon the Bankruptcy Court's consideration of the entire record of the Chapter 11 Cases, including, among other things, (i) the Disclosure Statement Order, (ii) the Combined Plan and Disclosure Statement, (iii) the Motion, (iv) the Confirmation Notice Affidavit, (v) any objections to the Combined Plan and Disclosure Statement, and (vi) the Confirmation Hearing, and the Bankruptcy Court having found the Combined Plan and Disclosure Statement is confirmable in its current form and all objections thereto have either been settled, withdrawn, or overruled at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction, Venue, Core Proceeding</u>.    On January 12, 2015, (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code with this Court.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The

Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.   The Debtors are the plan proponents in accordance with section 1121(a) of the Bankruptcy Code.   Confirmation of the Combined Plan and Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.

C.   The Official Committee of Unsecured Creditors.   On January 22, 2015, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Committee [Docket No. 46].

D.   Judicial Notice.   The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

E.   Disclosure Statement Order Compliance.   The Debtors have complied with the Disclosure Statement Order, including the solicitation process, in all respects.

F.   Burden of Proof.   The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.   The Debtors have met this burden.

G.   Voting.   As evidenced by the Voting Certification, votes to accept or reject the Combined Plan and Disclosure Statement have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the solicitation process set forth in the Disclosure Statement Order, and applicable non-bankruptcy law.

RLF1 13924307v.5

H.    Solicitation.  The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Disclosure Statement Order.  The form of the Ballot adequately addressed the particular goals and requirements of the Combined Plan and Disclosure Statement, these Chapter 11 Cases, and the Bankruptcy Code, and is appropriate for the Holders of the Claims and/or Equity Interests in the Voting Classes, each of whom may receive a Distribution under the Combined Plan and Disclosure Statement, and whose votes were, therefore, solicited.

1.    The period during which the Debtors solicited acceptances of the Combined Plan and Disclosure Statement was reasonable in the circumstances of these Chapter 11 Cases and enabled Holders to make an informed decision to accept or reject the Combined Plan and Disclosure Statement.  The Debtors were not required to solicit votes from the Holders of Claims in the following Classes (the "**Deemed Accepting Classes**") as each such Class is unimpaired under the Combined Plan and Disclosure Statement and conclusively presumed to have accepted the Combined Plan and Disclosure Statement: Class 1 (Secured Claims) and Class 2 (Priority Non-Tax Claims).

2.    The Debtors were not required to solicit votes from the Holder of Claims in Class 7 (Intercompany Claims) (the "**Deemed Rejecting Class**") as such Class received no recovery under the Combined Plan and Disclosure Statement and is deemed to reject the Combined Plan and Disclosure Statement.

3.    As described in and as evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages were timely, adequate, and sufficient under the circumstances.  The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.  In connection therewith, the Debtors, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys, and advisors of the Debtors are entitled to the protection of section 1125(e) of the Bankruptcy Code.

I.    Good Faith.  The Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Plan and Disclosure Statement.  The Combined Plan

RLF1 13924307v.5

and Disclosure Statement was negotiated and conducted at arm's-length and without collusion with any person or entity.

J.       Notice.  As is evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Combined Plan and Disclosure Statement) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.

K.       Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Plan and Disclosure Statement is dated and identifies the Debtors as the plan proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

L.       The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Debtors have complied with all applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

M.       Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Combined Plan and Disclosure Statement has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

6

N.    Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Combined Plan and Disclosure Statement, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

O.    Plan    Administrator,    Directors,    Officers,    and    Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity, affiliations, and compensation of the Plan Administrator proposed to serve after the Effective Date have been fully disclosed in the *Notice of Filing of Plan Supplement to Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 479] and the *Declaration of Robert Moon in Support of the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 571].

P.    No Rate Changes (11 U.S.C. § 1129(a)(6)). After confirmation of the Combined Plan and Disclosure Statement, the Debtors' businesses will be dissolved and will, therefore, not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus section 1129(a)(6) of the Bankruptcy Code is not applicable.

Q.    Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Combined Plan and Disclosure Statement satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Combined Plan and Disclosure Statement, and the other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been

7

controverted by other evidence, and (iii) establishes that each Holder of an impaired Claim and/or Equity Interest either has accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim and/or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

R.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). All Classes of Claims or Equity Interests either voted to accept the Plan (*i.e.*, Classes 3, 4, 5, 6, and 8,) or were deemed to accept the Plan (*i.e.*, Classes 1 and 2) other than Class 7. The Deemed Rejecting Class is impaired by the Combined Plan and Disclosure Statement and is not entitled to receive or retain any property under the Combined Plan and Disclosure Statement and, therefore, is deemed to have rejected the Combined Plan and Disclosure Statement pursuant to section 1126(g) of the Bankruptcy Code. As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the fact that the Deemed Rejecting Class is impaired and is deemed to have rejected the Combined Plan and Disclosure Statement.

S.    Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Expense Claims under the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Allowed Priority Tax Claims pursuant to the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

RLF1 13924307v.5

T.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  Holders of Claims and/or Equity Interests in the Voting Classes voted to accept the Combined Plan and Disclosure Statement, determined without including any acceptance of the Combined Plan and Disclosure Statement by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

U.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Combined Plan and Disclosure Statement itself calls for liquidation of the Debtors.  Therefore, confirmation of the Combined Plan and Disclosure Statement is not likely to be followed by the need for further financial reorganization of the Debtors, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.

V.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  The Combined Plan and Disclosure Statement provides that on the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

W.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13).  The Debtors have no longer maintain retirement plans or other benefits obligations.  Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Combined Plan and Disclosure Statement.

X.    No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

RLF1 13924307v.5

Y.    The Debtors are not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

Z.    No Applicable Non-Bankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).  The Debtors are moneyed, business, and/or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

AA.    Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).  The Holder of Claims in the Deemed Rejecting Class is deemed to have not accepted the Combined Plan and Disclosure Statement.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Combined Plan and Disclosure Statement does not discriminate unfairly and is fair and equitable with respect to the aforementioned Class, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  Thus the Combined Plan and Disclosure Statement may be confirmed notwithstanding the deemed rejection of the Combined Plan and Disclosure Statement by the Deemed Rejecting Class.

BB.    Only One Plan (11 U.S.C. § 1129(c)).  The Combined Plan and Disclosure Statement is the only plan filed in this case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

CC.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Combined Plan and Disclosure Statement is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental unit has objected to the confirmation of the Combined Plan and Disclosure Statement on any such grounds.  Therefore, the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(d) of the Bankruptcy Code.

RLF1 13924307v.5

DD.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Bankruptcy Court and the record of the Chapter 11 Cases, the Debtors and their agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, in each case, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Combined Plan and Disclosure Statement and their participation in the activities described in section 1125 of the Bankruptcy Code, and therefore are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Plan and Disclosure Statement and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Article XII.A. of the Combined Plan and Disclosure Statement.

EE.    <u>Implementation</u>. All documents necessary to implement the Combined Plan and Disclosure Statement, and all other relevant and necessary documents have been developed and negotiated in good faith and at arm's-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

FF.    <u>Releases</u>. The Bankruptcy Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases set forth in Article XII.B.

RLF1 13924307v.5

and Article XII.C., and the related injunction in Article XII.D., and elsewhere in the Combined Plan and Disclosure Statement and the Confirmation Order. Section 105(a) of the Bankruptcy Code permits approval of the releases set forth in Article XII.B. and Article XII.C., and the related injunction in Article XII.D., and elsewhere in the Combined Plan and Disclosure Statement and Confirmation Order, because, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the Plan Settlement among the various parties in interest and are essential to the formulation and implementation of the Combined Plan and Disclosure Statement, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, (iv) are in the best interests of the Debtors, their Estates, and all parties in interest, and (v) with respect to the third party releases, such releases have been consented to, or deemed consented to, by the Releasing Parties.

GG.    Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpation provision and the releases set forth in the Combined Plan and Disclosure Statement and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders. The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the exculpation provision set forth in Article XII.A. and the releases provided for in Article XII.B. and Article XII.C., and the related injunction in Article XII.D., of the Combined Plan and Disclosure Statement. Accordingly, based upon the record of the Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the exculpation provision set forth in Article XII.A. and the releases set forth in Article XII.B. and Article XII.C., and the related injunction in

Article XII.D., of the Combined Plan and Disclosure Statement are consistent with the Bankruptcy Code and applicable law. The failure to implement the release provisions of the Combined Plan and Disclosure Statement would eviscerate the Plan Settlement and prevent confirmation of the Combined Plan and Disclosure Statement.

HH.    Based on the foregoing, the Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.    <u>Notice of the Confirmation Hearing</u>.  Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

3.    <u>Solicitation</u>.  The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

4.    <u>Confirmation of the Combined Plan and Disclosure Statement</u>.    The Combined Plan and Disclosure Statement, attached hereto as **Exhibit A**, is approved and confirmed under section 1129 of the Bankruptcy Code.  The terms of the Combined Plan and Disclosure Statement are incorporated by reference into, and are an integral part of this Confirmation Order.

RLF1 13924307v.5

5. <u>Objections Resolved or Overruled</u>. All objections, responses, statements, and comments in opposition to the Combined Plan and Disclosure Statement, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.

6. <u>General Authorizations</u>. The Combined Plan and Disclosure Statement was approved by all officers of the Debtors whose approval was necessary. Pursuant to the appropriate provisions of the corporate or business organizations law of the applicable states of organization of the Debtors, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors, members, managers, or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Combined Plan and Disclosure Statement and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Combined Plan and Disclosure Statement.

7. <u>Binding Effect</u>. On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Plan and Disclosure Statement shall bind the Debtors, all Holders of Claims and Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Combined Plan and Disclosure Statement or whether the Holders of such Claims or Equity Interests have accepted the Combined Plan and Disclosure Statement), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any other party in interest in these Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

14

8.    Vesting of Assets.  As of the Effective Date, pursuant to the provisions of Bankruptcy Code section 1141(b) and (c), all of the Debtors' assets shall vest in the Post-Effective Date Debtors free and clear of all Claims, liens, encumbrances, charges, membership interests, and other interests, except as otherwise expressly provided in the Combined Plan and Disclosure Statement or this Confirmation Order, and subject to the terms and conditions of the Combined Plan and Disclosure Statement and this Confirmation Order.

9.    Implementation of the Combined Plan and Disclosure Statement.  The Debtors are hereby authorized to execute, deliver, file or File, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Plan and Disclosure Statement, including all such actions delineated in Article VII and Article X of the Combined Plan and Disclosure Statement.  On the Effective Date, the Plan Administrator is authorized and empowered to issue, execute, file or File, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Debtors.

10.    Dissolution of the Debtors.  In connection with and following the closing of the Chapter 11 Cases, the Post-Effective Date Debtors and the Plan Administrator are authorized to take any and all actions necessary to effect the Debtors' dissolution under the applicable state of incorporation.  The filing of each Debtor's certificate of dissolution shall be authorized and approved in all respects without further action under applicable law, regulation, order, or rule, including, without limitation, any action by the stockholders, members, or board of directors of each such Debtor.  Further, the Post-Effective Date Debtors and the Plan Administrator are authorized to file the required documents providing for such dissolution without bringing

RLF1 13924307v.5

franchise taxes current and regardless of whether the Debtors are in good standing. In addition, the Plan Administrator shall be authorized without any action by the stockholders, members, or board of directors of each Debtor, in the name of and on behalf of each Debtor, to complete and file each Debtor's final federal, state, and local tax return.

11.   Compromise of Controversies.   In consideration for the distributions and other benefits, including releases, provided under the Combined Plan and Disclosure Statement, the provisions of the Combined Plan and Disclosure Statement constitute a good faith compromise and settlement of all Claims and controversies resolved under the Combined Plan and Disclosure Statement. Consideration for all such compromises, settlements, and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromises and settlements under Bankruptcy Rule 9019, subject to the provisions of the Combined Plan and Disclosure Statement.

12.   Rejection of Executory Contracts and Unexpired Leases.   Except as is set forth in the Combined Plan and Disclosure Statement, pursuant to Article XIII of the Combined Plan and Disclosure Statement, as of the Effective Date, all Executory Contracts to which either of the Debtors is a party are hereby rejected as of the Effective Date.

13.   Preservation of Insurance.   Notwithstanding anything to the contrary contained herein or in the Combined Plan and Disclosure Statement, the Debtors' discharge, exculpation, and release, and the exculpation and release in favor of the Released Parties, as provided herein and by the Combined Plan and Disclosure Statement, shall not diminish or impair the enforceability of any Insurance Policy that may provide coverage for Claims against the Debtors, the Post-Effective Date Debtors, their current and former directors and officers, or any other Person.

14.    <u>Conditions to Effective Date</u>.  The Combined Plan and Disclosure Statement shall not become effective unless and until the conditions set forth in Article XIV.B. of the Combined Plan and Disclosure Statement have been satisfied or waived pursuant to Article XIV.E. of the Combined Plan and Disclosure Statement.  In the event that one or more of the conditions specified in Article XIV.B. of the Combined Plan and Disclosure Statement have not been satisfied or waived in accordance with Article XIV.E. of the Combined Plan and Disclosure Statement within 45 days after the Confirmation Date, then upon motion by any party in interest, made before the time that each of the conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order may be vacated by the Bankruptcy Court; <u>provided</u>, <u>however</u>, that notwithstanding the filing of such motion, the Confirmation Order shall not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived by the Debtors, the Committee, Solyndra, and Wuxi before any Order granting such relief becomes a Final Order.  If the Confirmation Order is vacated pursuant to Article XIV.D., the Combined Plan and Disclosure Statement shall be deemed null and void in all respects and nothing contained herein shall (A) constitute a waiver or release of any Claims by or against the Debtors, or (B) prejudice in any manner the rights of the Debtors.

15.    <u>Professional Compensation</u>.  Except as provided in the Combined Plan and Disclosure Statement, all entities seeking awards by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date, shall file and serve their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by no later than forty-five (45) days after the Effective Date, unless otherwise agreed by the Debtors.  Upon the Effective Date, any

requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, Order, or approval of, the Bankruptcy Court. Professional Claims shall be treated as Administrative Expense Claims under the Combined Plan and Disclosure Statement and paid in accordance with Article IV.A. of the Combined Plan and Disclosure Statement.

16.    Exculpation.    The Debtors, the Committee, the members of the Committee, in each member's individual capacity, and any of such parties' respective current and/or post-Petition Date and pre-Effective Date Related Persons, shall not have or incur any liability for any act or omission taken or not taken in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be Distributed under the Combined Plan and Disclosure Statement, except for their willful misconduct or gross negligence or any obligations that they have under or in connection with the Combined Plan and Disclosure Statement or the transactions contemplated in the Combined Plan and Disclosure Statement. Nothing herein shall prevent any exculpated party from asserting as a defense to any claim of willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Combined Plan and Disclosure Statement or otherwise.

17.    Binding Exculpation Provision.    All exculpation provisions embodied herein and/or in the Combined Plan and Disclosure Statement, including but not limited to those

contained in Article XII.A of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

18.    Releases By the Debtors.    Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and each of the Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish, and discharge the Released Parties, Suntech Holdings (and any of its professionals and officers and directors retained as of the Effective Date), and each Debtor's Related Persons from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, or liability, for any act or omission (i) that took place prior to the Petition Date relating to and/or in connection with any of the Debtors, including, as it relates to Suntech Holdings, the Holdings Loan (which shall be cancelled and all liabilities due and owing to the Debtor thereunder discharged upon the Effective Date), and (ii) in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims, or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of this Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be distributed under the Combined Plan and Disclosure Statement.

19.    Third Party Releases.    Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties, each Holder of an Allowed Claim that is deemed to vote in favor of the Combined Plan and Disclosure Statement, and each Holder of an Allowed Claim or Equity Interest that is entitled to

19

vote on the Combined Plan and Disclosure Statement (other than those Holders of Allowed Claims and Equity Interests who abstained from voting on or voted against the Combined Plan and Disclosure Statement and, in both such circumstances, checked the "opt out" box on the Ballot, and returned it in accordance with the instructions set forth thereon), shall be, in each case, deemed to, completely, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish and discharge the Released Parties, the Debtors and the Debtors' Related Persons, from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission (i) that took place prior to the Petition Date relating to and/or in connection with any of the Debtors, and (ii) in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of the Combined Plan and Disclosure Statement, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, or the administration of the Combined Plan and Disclosure Statement or the property to be Distributed under the Combined Plan and Disclosure Statement.

20.    <u>Binding Release Provisions.</u>    All release provisions embodied herein and/or in the Combined Plan and Disclosure Statement, including but not limited to those contained in Article XII.B and Article XII.C of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

21.    <u>Injunctions Relating to Releases.</u>    Effective as of the Effective Date, all Persons that hold, have held, or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy, or liability of any nature whatsoever, that is released

RLF1 13924307v.5

pursuant to the Combined Plan and Disclosure Statement, shall be permanently, forever, and completely stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released claims, Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies, or liabilities, (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting, or in any way enforcing in any matter, directly or indirectly, any lien, (iv) setting off, seeking reimbursement, or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under the Combined Plan and Disclosure Statement, and (v) commencing or continuing in any manner, in any place of any judicial, arbitration, or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement or the Confirmation Order.

22.    <u>Injunctions to Protect Estate Assets</u>.    Except as expressly otherwise provided in the Combined Plan and Disclosure Statement, including Article XVI.D. thereof, or to the extent necessary to enforce the terms and conditions of the Combined Plan and Disclosure Statement, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against the Debtors, the Debtors' Estates, the Post-Effective Date Debtors, and/or the Debtors' successors or any of their property

on account of any such Claims or Equity Interests:  (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action, or other proceeding that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement.

23.     Resolution of Burlingame Industries, Inc.'s Objection [Docket No. 566]. In settlement of the objection of Burlingame Industries, Inc. d/b/a Eagle Roofing Products ("**Burlingame**") to confirmation of the Combined Plan and Disclosure Statement [Docket No. 566] (the "**Burlingame Objection**") and in full and final satisfaction of any and all Claims that Burlingame may have against the Debtors, the Estates, and/or the Post-Effective Date Debtors, including, without limitation those Claims identified in proofs of claim nos. 23 and 24 filed by Burlingame against the Debtors (collectively, the "**Burlingame Claims**"), Burlingame shall (A) receive the following (collectively, the "**Settlement Payments**") (i) an Allowed Claim in Class 3 (General Unsecured Claims (other than Class 4)) in the amount of $33,350 on which there shall be Distributed to Burlingame in accordance with the terms of the Combined Plan and Disclosure Statement one or more Distributions totaling $10,000 (the "**Burlingame GUC Distribution**"); provided, however, that the aggregate Burlingame GUC Distribution shall not exceed $10,000, (ii) $30,000 of the Distribution that Solyndra is entitled to receive on account of the Allowed Claim that Solyndra holds in Class 4 (General Unsecured Claims of Solyndra and Wuxi), (iii) $30,000 of the Distribution that Wuxi is entitled to receive on account of the

22

Allowed Claim that Wuxi holds in Class 4 (General Unsecured Claims of Solyndra and Wuxi), (iv) any Cash that the Debtors would otherwise be entitled to receive pursuant to the Debtors' settlement with Jatco, Inc., and (v) $6,000 of the aggregate Distribution(s) that the Holders of Allowed Claims in Class 6 (Affiliate Claims) are entitled to receive on account of such Claims; and (B) be the Holder of a Claim in Class 5 (Products Liability Claims), which Claim shall receive the treatment set forth in Article VIII.A.5.c. of the Combined Plan and Disclosure Statement. The Debtors and Burlingame agree that the Settlement Payments shall be deemed Distributed to Burlingame solely on account of any warranty-related Claims that Burlingame may have against the Debtors. In addition, the Debtors and Burlingame agree that the foregoing resolution of the Burlingame Objection and the Burlingame Claims is not intended to be construed as an admission of any liability by the Debtors or otherwise. For the avoidance of doubt, nothing contained in the Combined Plan and Disclosure Statement or this Confirmation Order shall limit Burlingame's right to seek recovery from (i) the Debtors' Insurance Policies with third party insurers or (ii) any non-Debtor Entity (including the Released Parties), such Entity's third party insurers, or such other Entity's property, on account of any Claims that Burlingame may have against such Entity or its insured. Nothing in this Confirmation Order shall constitute or otherwise be deemed to be an agreement by the Debtors and/or the Post-Effective Date Debtors to provide assistance to, or cooperate with, Burlingame in any way in their efforts to prosecute the Everett Litigation (as defined in the Burlingame Objection) or to secure payment from the Insurance Policies, if any, on any settlement or judgment arising from the Everett Litigation. In addition, the Debtors do not represent or warrant that any liability to Burlingame or otherwise, if any, is covered by the Insurance Policies.

RLF1 13924307v.5

24.    Resolution of Internal Revenue Service's Objection [Docket No. 543].

Notwithstanding any provision to the contrary in the Combined Plan and Disclosure Statement, the Confirmation Order, and any documents implementing the Combined Plan and Disclosure Statement (collectively, the "**Plan-Related Documents**), nothing shall:  (1) affect the ability of the Internal Revenue Service (the "**IRS**") to pursue any non-Debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors or the Estates; or (2) affect the rights of the United States to assert setoff and recoupment, and such rights are expressly preserved.  The Bankruptcy Court may retain jurisdiction, but not exclusive jurisdiction, over IRS claims and issues arising therefrom to the extent allowed by non-bankruptcy law.  Moreover, nothing in this Confirmation Order or the Plan-Related Documents shall:  (a) effect a release, discharge, or otherwise preclude any claim whatsoever against any Debtor or Estate by or on behalf of the IRS relating to any liability arising out of any unfiled pre-Petition Date or post-Petition Date tax return or any pending audit or audit that may be performed with respect to any pre-Petition Date or post-Petition Date tax return; and (b) nothing shall enjoin the IRS from amending any claim against any Debtor or Estate with respect to any tax liability arising as a result of the filing of an unfiled return or a pending audit or audit that may be performed with respect to any pre-Petition Date or post-Petition Date tax return.  Further, any liability arising as a result of an unfiled return or final resolution of a pending audit or audit that may be performed with respect to any pre-Petition Date tax return shall be paid in accordance with sections 1129(a)(9)(A) and (C) of the Bankruptcy Code.

25.    Reservation of Rights.  Except as expressly set forth herein, the Combined Plan and Disclosure Statement shall have no force or effect unless the Bankruptcy Court shall

enter the Confirmation Order. None of the filing of the Combined Plan and Disclosure Statement, any statement or provision contained herein, or the taking of any action by the Debtors with respect to the Combined Plan and Disclosure Statement shall be or shall be deemed to be an admission or waiver of any rights of the Debtors or Holders of Claims or Equity Interest before the Effective Date.

26.    Payment of Statutory Fees. All Statutory Fees due and owing prior to the Effective Date shall be paid by the Debtors on the Effective Date. After the Effective Date, the Plan Administrator shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee. Notwithstanding the limited substantive consolidation of the Debtors called for in the Combined Plan and Disclosure Statement, each of the Debtors shall remain obligated to pay quarterly fees to the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

27.    Reversal/Stay/Modification/Vacatur of Confirmation Order. Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, as applicable, pursuant to the Combined Plan and Disclosure Statement and the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of the Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, the Confirmation Order prior to the effective date of such reversal, stay,

25

modification, or vacatur shall be governed in all respects by the provisions of the Confirmation Order and the Combined Plan and Disclosure Statement or any amendments or modifications thereto.

28.     Retention of Jurisdiction.  Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, following the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including, without limitation, such jurisdiction as is necessary to ensure that the interests and purposes of the Combined Plan and Disclosure Statement are carried out.  The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases and the Combined Plan and Disclosure Statement pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(i)     To hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

(ii)    To enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(iii)   To issue such Orders in aid of execution and consummation of the Combined Plan and Disclosure Statement, to the extent authorized by section 1142 of the Bankruptcy Code;

(iv)    To consider any amendments to or modifications of the Combined Plan and Disclosure Statement, to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(v)     To hear and determine all requests for compensation and reimbursement of expenses to the extent Allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code;

RLF1 13924307v.5

(vi)    To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Combined Plan and Disclosure Statement;

(vii)    To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtors or the Plan Administrator for an expedited determination of tax under section 505(b) of the Bankruptcy Code);

(viii)    To hear any other matter not inconsistent with the Bankruptcy Code;

(ix)    To enter a final decree closing the Chapter 11 Cases;

(x)    To ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Plan and Disclosure Statement;

(xi)    To decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date;

(xii)    To issue injunctions, enter and implement other Orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Combined Plan and Disclosure Statement, except as otherwise provided herein;

(xiii)    To determine any other matters that may arise in connection with or related to the Combined Plan and Disclosure Statement, the Disclosure Statement Order, this Confirmation Order or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Combined Plan and Disclosure Statement, the Disclosure Statement Order, or this Confirmation Order;

RLF1 13924307v.5

(xiv)    To enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

(xv)    To resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

(xvi)    To resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Cases, the General Bar Date, the Governmental Unit Bar Date, the Rejection Bar Date, the Administrative Expense Bar Date, and/or the hearing on the approval of the Combined Plan and Disclosure Statement for the purpose of determining whether a Claim or Equity Interest is discharged and/or enjoined hereunder or for any other purpose; and;

(xvii)    To resolve any other matter or for any purpose specified in the Combined Plan and Disclosure Statement, the Confirmation Order, or any other document entered into in connection with any of the foregoing.

29.    Exemption from Certain Taxes.    Pursuant to section 1146(a) of the Bankruptcy Code, all transactions, including any transfers described herein or in the Combined Plan and Disclosure Statement, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Combined Plan and Disclosure Statement shall not be subject to any stamp tax, real estate transfer tax, or similar transfer fee or tax.

30.    Modifications.    The Combined Plan and Disclosure Statement may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, the Combined Plan and Disclosure Statement, and this Confirmation Order; provided, however, that no modification may be made to the Combined

RLF1 13924307v.5

Plan and Disclosure Statement without the consent of the parties to the Plan Settlement, which consent shall not be unreasonably withheld. In addition, after the Confirmation Date, the Debtors or the Plan Administrator may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Combined Plan and Disclosure Statement or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Combined Plan and Disclosure Statement. Further, prior to the Effective Date, the Debtors or the Plan Administrator may make appropriate technical adjustments and modifications to the Combined Plan and Disclosure Statement without further order or approval of the Bankruptcy Court.

       31.   <u>Governing Law</u>. Except to the extent the Bankruptcy Code, Bankruptcy Rules, or other federal law is applicable, or to the extent an exhibit to the Combined Plan and Disclosure Statement provides otherwise, the rights and obligations arising under the Combined Plan and Disclosure Statement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflicts of law of such jurisdiction.

       32.   <u>Applicable Non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

       33.   <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order.

RLF1 13924307v.5

34. <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Plan and Disclosure Statement.

35. <u>Notice of Entry of Confirmation Order and Effective Date</u>.  The form of notice of occurrence of the Effective Date and entry of the Confirmation Order, attached hereto as **Exhibit B** (the "**Effective Date Notice**"), provides adequate and reasonable notice and is hereby approved.  On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve the Effective Date Notice on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) the Securities and Exchange Commission, (v) the United States Attorney for the District of Delaware, (vi) holders of Claims or Equity Interests, (vii) all counterparties to Executory Contracts and unexpired leases with the Debtors, (viii) the U.S. Trustee, and (ix) all persons or entities listed on the Debtors' creditor mailing matrix.

36. <u>Substantial Consummation</u>.  On the Effective Date, the Combined Plan and Disclosure Statement shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

37. <u>Waiver of Stay</u>.  The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and

6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

38.  <u>Inconsistency</u>.    To the extent of any inconsistency between this Confirmation Order and the Combined Plan and Disclosure Statement, this Confirmation Order shall govern.

39.  <u>No Waiver</u>.  The failure to specifically include any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Combined Plan and Disclosure Statement is confirmed in its entirety and incorporated herein by reference.

Dated: April 27 , 2016
      Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 13924307v.5