## Exhibit B

[Robert Moon Declaration]

#46790531 v5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNTECH AMERICA, INC., *et al.*,[1]<br><br>    Post-Effective Date Debtors. | Chapter 11<br><br>Case No. 15-10054 (CSS)<br><br>Jointly Administered |

**DECLARATION OF ROBERT MOON IN SUPPORT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REVISED OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 TO CERTAIN (A) PRODUCT LIABILITY CLAIMS SUBJECT TO RECLASSIFICATION; (B) DUPLICATE AND CROSS-DEBTOR CLAIMS TO BE EXPUNGED; AND <u>(C) UNAUTHORIZED LATE FILED CLAIMS TO BE EXPUNGED</u>**

I, Robert Moon, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:[2]

1.   I am the Plan Administrator under the Plan as confirmed by Order dated April 27, 2016. Prior to the Effective Date of the Plan, and during the pendency of the Debtors' Chapter 11 Cases, I was Chief Restructuring Officer of Suntech America, Inc., a Delaware corporation, and an authorized person for Suntech Arizona, Inc., a Delaware corporation. I also served as a restructuring advisor to the Debtors and certain of their affiliates since December 2012.

2.   I am authorized as the Plan Administrator to submit this declaration (this "**Declaration**") and submit this Declaration in support of the *Official Committee Of Unsecured Creditors Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 to Certain (A) Product Liability Claims Subject to Reclassification; (B) Duplicate and*

---

[1] The Post-Effective Date Debtors in these Chapter 11 Cases, along with the last four digits of the Post-Effective Date Debtors' federal tax identification numbers, are Suntech America, Inc. (9235) and Suntech Arizona, Inc. (0353). The Post-Effective Date Debtors' mailing address is 2721 Shattuck Avenue, Number 304, Berkeley, California 94705.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (as defined below).

-2-

*Cross-Debtor Claims to be Expunged; and (C) Unauthorized Late Filed Claims to be Expunged* (the "**Objection**"). If I were called upon to testify, I would testify competently to the facts set forth herein.

3. I am familiar with the Debtors' books and records which were maintained in the ordinary course of business and that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors. I have also reviewed the Schedules, the Objection, the proposed order attached to the Objection as Exhibit A (the "**Proposed Order**"), and Schedules 1-3 that are annexed to the Proposed Order, and I am familiar with the information contained therein. I believe, based on my review, and/or the review of others acting under my direction, of the Debtors' books and records, the Schedules, the Disputed Claims and the Objection (including the Proposed Order and the schedules thereto), representations from counsel to the Creditors' Committee and discussions with counsel to the Post-Effective Date Debtors, that each Disputed Claim should be reclassified, disallowed, expunged and/or modified, as relevant, as set forth in the Objection, the Proposed Order and the schedules thereto. As such, I believe that the reclassification, disallowance, expungement and/or modification of the Disputed Claims, on the terms set forth in the Proposed Order, is appropriate.

**The Disputed Claims**

**I.     The Products Liability Claims Subject to Reclassification (Schedule 1)**

4. Based on my review, or the review of others acting under my direction, of the Disputed Claims listed on Schedule 1 to the Proposed Order (the "**Reclassified Claims**"), as well as documentation, if any, attached thereto, I believe that each such claim asserts direct or indirect claims arising out of allegedly defective photovoltaic solar modules manufactured and/or sold by or on behalf of the Debtors. Pursuant to the Plan, a "Products Liability Claim" is defined as "any claim arising out of and/or related to, in any fashion, any product or products manufactured, designed,

supplied, produced, marketed, sold and/or distributed by or on behalf of any Debtor . . ."[3] Because each Reclassified Claim relates to the sale or manufacture of photovoltaic solar modules by or on behalf of the Debtors, I believe, based on representations from counsel to the Creditors' Committee and discussions with counsel to the Post-Effective Date Debtors, that such claims are properly classified as Class 5 Products Liability Claims under the Plan and should be reclassified as such.

**II.     The Duplicate and Cross-Debtor Claims To Be Expunged (Schedule 2)**

5.      Based upon my review of the Cross-Debtor Duplicate Claims listed on Schedule 2 to the Proposed Order, as well as the documentation, if any, attached thereto, I have concluded that such claims assert duplicative liability against both Debtors where, at most, only one Debtor is liable according to the Debtors' books and records or as a result of the substantive consolidation of the Debtors for claim and distribution purposes under the Plan as confirmed. Thus, I believe that the Cross-Debtor Duplicate Claims should be disallowed and expunged as provided on Schedule 2 to the Proposed Order.

**III.    Unauthorized Late Filed Claims to be Expunged**

6.      Based upon representations from counsel to the Creditors' Committee, discussions with counsel to the Post-Effective Date Debtors and my review, or the review of others acting under my direction, of the relevant Schedules and the Late Filed Claims identified on Schedule 3 to the Proposed Order, I believe that each such claim has been filed after the relevant bar date set pursuant to the Bar Date Order without leave to late file being either sought or granted to the claimants asserting such claims.

7.      With respect to Claim No. 56, filed by Fair Harbor Capital, LLC as transferee of the claim of Changzhao Alamden Co., Ltd., the Post-Effective Date Debtors recognize that such claim

---

[3] Plan, at Art. I.91.

was transferred to Fair Harbor Capital, LLC per the *Notice of Transfer of Claim Other than for Security* at Docket No. 578, and that the claim was originally scheduled by Debtor Suntech Arizona, Inc. in its *Schedules of Assets and Liabilities, Schedule F*, filed on February 26, 2015 [Dkt. No. 119], in the same amount as Claim No. 56, and not listed as contingent, disputed or unliquidated. Accordingly, although the Objection seeks to expunge Claim No. 56 as a Late Filed Claim, the claim survives as a scheduled claim against Debtor Suntech Arizona, Inc. as payable to Fair Harbor Capital, LLC.

8.  Thus, I believe that such claims should therefore be disallowed and expunged.

## CONCLUSION

9.  For the reasons set forth in the Objection and above, I believe that granting the relief requested in the Objection is in the best interests of the Post-Effective Date Debtors, their estates, and their creditors.

Dated: December 28, 2017

/s/ Robert Moon
Robert Moon
*Plan Administrator for Post-Effective Date Debtors Suntech America Inc and Suntech Arizona, Inc.*

#46833015 v2